UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MAJED DIAB**                                       **CIVIL ACTION**

**VERSUS**                                            **NO. 25-900**

**OCHSNER CLINIC FOUNDATION**              **SECTION "H" (4)**

### ORDER AND REASONS

Before the Court is Defendant Ochsner Clinic Foundation's Motion for Partial Dismissal of First Amended Complaint (Doc. 8). For the following reasons, Defendant's Motion for Partial Dismissal of First Amended Complaint is **GRANTED**.

### BACKGROUND

Plaintiff Majed Diab brings this employment action against his former employer, Defendant Ochsner Clinic Foundation, alleging violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff, who was employed as a respiratory therapist in the Ochsner Flight Care Department, alleges that he was subjected to a pattern of retaliatory conduct that culminated in his termination on November 17, 2023. Plaintiff describes the events leading up to the instant suit as follows.

Plaintiff filed a formal complaint regarding scheduling practices in December 2022. Afterwards, on January 12, 2023, he received a verbal warning for a minor safety issue. On February 17, 2023, Plaintiff reiterated

his complaints to Flight Care Director Patrick Boullion ("Boullion"). On March 17, 2023, Plaintiff was placed on probation for purported reporting and training failures. Plaintiff asserts he and Boullion conducted several meetings during his probation period, wherein he was assured there were no concerns with his performance. Months later, on November 9, 2023 Plaintiff emailed Boullion and again raised concerns over "additional coverage responsibilities without corresponding pay."[1] The next day, Plaintiff expressed concern regarding the workplace culture and ongoing retaliation to management. Then, on November 16, 2023 Plaintiff filed a formal complaint with the Human Resources Department in which he alleged retaliation and sex discrimination. Plaintiff was terminated the next day. On July 12, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination. In February 2025, the EEOC issued Plaintiff a Dismissal and Notice of Rights letter.

Shortly thereafter, Plaintiff filed the instant action. Plaintiff identifies the following three adverse employment actions, which he argues demonstrate retaliatory animus and entitle him to relief: (1) his January 12, 2023 verbal warning; (2) his placement on probation beginning March 17, 2023; and (3) his November 17, 2023 termination. Defendant now moves for partial dismissal of Plaintiff's claims to the extent they are based on adverse employment events occurring before September 16, 2023.[2]

---

[1] Doc. 7 at 5.

[2] After Defendant filed its first Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 6), Plaintiff timely amended. Doc. 7. In response, Defendant filed its Motion for Partial Dismissal of First Amended Complaint (Doc. 8). Accordingly, the Court denied Defendant's first Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 6) as moot.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The court need not, however, accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[8] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[9] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

## LAW AND ANALYSIS

Defendant seeks to dismiss any of Plaintiff's claims that are based on retaliatory conduct that occurred before September 16, 2023, arguing first that

---

[3] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[4] *Id.*
[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal*, 556 U.S. at 678.
[7] *Id.*
[8] *Id.*
[9] *Lormand*, 565 F.3d at 255–57.
[10] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

these claims are time-barred and second that Plaintiff has failed to plead facts supporting the essential elements of those claims. Because the Court concludes that Plaintiff's claim is untimely to the extent it is based on alleged adverse employment actions that occurred prior to September 16, 2023, the Court need not reach Defendant's second argument.

Defendant argues that Plaintiff's claim for retaliation should be dismissed to the extent Plaintiff's claim relies on his January 12, 2023 verbal warning and March 17, 2023 probation because Plaintiff did not timely file a charge with the Equal Employment Opportunity Commission for these adverse employment events. Plaintiff opposes, asking the Court to deny Defendant's Motion because the verbal warning and probation are not time-barred under the continuing violation doctrine.[11] Plaintiff also argues that, in any event, the instant Motion should be denied because the factual allegations regarding the January 12, 2023 verbal warning and March 17, 2023 probation are relevant and demonstrate a pattern that speaks to retaliatory animus for his termination.

"In a deferral state like Louisiana, Title VII plaintiffs must file an EEOC charge no more than 300 days after the alleged discriminatory employment action occurred" or they are untimely.[12] Under Title VII, claims based on "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."[13] Conversely, "[t]he

---

[11] Plaintiff's Opposition concedes that he would be unable to recover for independent claims based on his verbal warning and probation if those actions were considered discrete acts, stating that he "does not seek to assert stale claims in isolation." Doc. 13 at 2.

[12] Grant v. Adm'rs of Tulane Educ. Fund, No. 22-66, 2024 WL 4216041, at *4 (E.D. La. Sept. 17, 2024).

[13] Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

continuing violation doctrine is a doctrine of equity that 'extends the limitations period on otherwise time barred claims only when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts.'"[14] "The 'unlawful employment practice' therefore cannot be said to occur on any particular day."[15] However, "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action" under the continuing violation doctrine.[16]

In the retaliation context, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify."[17] Here, Plaintiff alleges that, prior to September 16, 2023, Defendant gave him a verbal warning for a minor safety issue and placed him on probation for reporting and training failures.[18] Despite Plaintiff's contention that these events are part of a "continuing course of unlawful conduct," a verbal warning and placement on probation are both discrete acts.[19] Plaintiff does not allege that either of these events "continued until, or occurred at the time of, the actual termination of his employment," nor could he, because both events occurred on a particular day and could have been independently actionable if timely raised.[20] Although Plaintiff alleges the pre-September 16, 2023 events

---

[14] *Grant* 2024 WL 4216041, at *5 (quoting Pegram v. Honeywell, Inc., 361 F.3d 272, 279 (5th Cir. 2004)).
[15] *Morgan*, 536 U.S. at 115.
[16] *Id.* at 112–13 (quoting Delaware State Coll. v. Ricks, 449 U.S. 250, 257 (1980)).
[17] *Id.* at 114.
[18] September 16, 2023 is 300 days before Plaintiff filed his July 12, 2024 charge with the EEOC.
[19] *See Morgan*, 536 U.S. at 114–15 (holding that where the plaintiff "contends that he was wrongfully suspended and charged with a violation of Amtrak's 'Rule L' for insubordination . . . , denied training, and falsely accused of threatening a manager" the adverse employment events were discrete acts and thus were time-barred).
[20] Doc. 7 at 4; *Morgan*, 536 U.S. at 113 (quoting *Ricks*, 449 U.S. at 257 (declining to apply the continuing violation doctrine based on the employee's argument that the 300-day period did

were caused by the same retaliatory animus that culminated in his termination, Plaintiff's retaliatory termination claim is also based on a discrete act; alleging the three events in tandem cannot revive the earlier two.[21] Further, while some circuits extend the continuing violation doctrine to retaliatory actions where Plaintiffs allege a hostile work environment, Plaintiff's Complaint does not set forth a hostile work environment claim based on retaliation.[22] Thus, both pre-September 16, 2023 adverse employment events are discrete acts, and Plaintiff's continuing violation argument fails. Accordingly, claims based on Plaintiff's January 12, 2023 verbal warning and March 17, 2023 probation are time-barred and must be dismissed.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Partial Dismissal of First Amended Complaint (Doc. 8) is **GRANTED**. To the extent that Plaintiff's claims are based on alleged retaliatory conduct occurring before September 16, 2023, Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

---

not begin until his actual termination because employment events occurring prior to the plaintiff's termination were discrete)).

[21] The Court notes—and the parties agree—that the factual allegations regarding the time barred claims are relevant and could be evidence of Defendant's retaliatory animus towards Plaintiff. *Morgan*, 536 U.S. at 113. To be clear, the Court's dismissal of claims based on pre-September 16, 2023 conduct does not preclude Plaintiff from engaging in discovery or introducing evidence that is relevant to the retaliation claim based on Defendant's termination. The dismissal merely bars plaintiff from recovering damages for pre-September 16, 2023 events because they are not actionable as discrete acts or under a continuing violation theory.

[22] *See* Heath v. Bd. of Supervisors for S. Univ. and Agric. and Mech. Coll., 850 F.3d 731, 741 n.5 (5th Cir. 2017). Even assuming Plaintiff did allege a hostile work environment based on Defendant's alleged retaliatory conduct, the Fifth Circuit has not recognized a cause of action for retaliatory hostile work environments. *Id.*

New Orleans, Louisiana this 4th day of February, 2026.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE